IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

THE SANDNER GROUP –
ALTERNATIVE RISK SOLUTIONS, INC.,

    Plaintiff,

v.

BANCFIRST INSURANCE SERVICES,
INC., f/k/a MCGRATH & WILCOX
INSURANCE AGENCY; and EDWARD J.
MCGRATH,

    Defendants.

Case No. 18-CV-265-GKF-JFJ

## OPINION AND ORDER

Before the court is the defendants' motion for costs of a previously dismissed action pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. [Doc. 13]. For the reasons set forth below, the court denies the motion.

### I. BACKGROUND

On Friday, May 11, 2018, The Sandner Group – Alternative Risk Solutions, Inc. ("ARS") commenced an action in the United States District Court for the Northern District of Illinois (the "NDIL Action") by filing a complaint against six defendants—including the two defendants in this action. [Doc. 13-3]. That same day, ARS also filed a motion for a temporary restraining order and preliminary injunction in the NDIL Action. [Doc. 13-4].

A hearing on the TRO motion was scheduled for Monday, May 14, 2018, before the Honorable Amy J. St. Eve. [Doc. 13-6]. On short notice, the defendants' counsel retained local counsel in Illinois and prepared motions for leave to appear *pro hac vice* in the NDIL action, motions to dismiss for lack of jurisdiction and improper venue or alternatively to transfer venue, and a response to the TRO motion. [Doc. 13-7; Doc. 13-8; Doc. 13-9; Doc. 13-10]. Two attorneys

flew to Chicago to attend the TRO hearing on behalf of the defendants. At the hearing, Judge St. Eve observed that the court could not proceed until the personal jurisdiction issued was resolved. [Doc. 20-1, p. 3:7–10]. Accordingly, Judge St. Eve set a schedule for jurisdictional discovery and briefing on the motions to dismiss. [Doc. 20-1, pp. 5–7; Doc. 13-11].

Three days later, on May 17, 2018, ARS voluntarily dismissed the NDIL Action pursuant to Rule 41(a)(1)(A)(i). [Doc. 13-12]. That same day, ARS commenced this action in the Northern District of Oklahoma. [Doc. 2]. In the instant motion, the defendants ask the court to require ARS to pay them for the costs they incurred in the NDIL Action. [Doc. 13]. The defendants further request that the court stay this matter pending payment of the costs by ARS. [*Id.*].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(d) states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

FED. R. CIV. P. 41(d). Accordingly, the decision whether to impose costs under Rule 41(d) is within the court's discretion. *Meredith v. Stovall*, No. 99-3350, 2000 WL 807355, at *1 (10th Cir. June 23, 2000) (unpublished).

"The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." *Id.* (internal quotation marks omitted). "No showing of bad faith is required before costs may be imposed on the plaintiff under Rule 41(d), but the plaintiff's motive in dismissing the prior action may be taken into account." *Lyons v. Dish Network L.L.C.*, No. 13-CV-00192-RM-KMT, 2013 WL 5637992, at *1 (D. Colo. Oct. 15, 2013) (quoting *Oteng v.*

2

*Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009)); *see also Moore v. Stadium Mgmt. Co., LLC*, No. 15-CV-00482-PAB-NYW, 2015 WL 8306523, at *4 (D. Colo. Dec. 9, 2015) (noting that "the motive of the parties here weighs against an award of fees and costs"); *Warnick v. Dish Network LLC*, No. 12-CV-01952-WYD-MEH, 2013 WL 1151884, at *6 (D. Colo. Mar. 19, 2013) (denying Rule 41(d) motion where suits "were not filed vexatiously").

## III.  ANALYSIS

The defendants argue that the court should award them their costs from the NDIL Action because ARS "forum shopped this litigation" and filed the NDIL Action in an attempt "to obtain a tactical advantage, hoping to get a swift punitive ruling against Defendants, thereby forcing Defendants to come to Illinois to dissolve the temporary restraining order." [Doc. 12, p. 2; Doc. 24, p. 2]. In contrast, ARS contends that it did not forum shop, that its claims were not vexatious, and that it had a proper motive for filing and voluntarily dismissing the NDIL Action. ARS asserts that venue and jurisdiction were proper in the Northern District of Illinois, but that it elected to refile in the Northern District of Oklahoma due to "the time-sensitive nature of the dispute, the length and cost of the jurisdictional discovery and Rule 12 motion practice, and the inconsequence of the venue to ARS." [Doc. 20, p. 2].

The court exercises its discretion and declines to assess costs against ARS. Subsequent developments in this case undermine the defendants' suggestion that ARS commenced the NDIL Action in an improper attempt to obtain a temporary restraining order without contest. In particular, on May 21, 2018, this court held a hearing and granted ARS a temporary restraining order. [Doc. 15; Doc. 16]. After a separate hearing on June 4, 2018, the court granted ARS a preliminary injunction on June 6, 2018. [Doc. 31; Doc. 32]. In granting the preliminary injunction, the court concluded, among other things, that ARS was "likely to succeed on the merits of its

breach of contract claims" and "likely to suffer irreparable and intangible harm." [Doc. 32, p. 4 ¶ 7]. These conclusions reflect the underlying merits of ARS's requests for a temporary restraining order and preliminary injunction. They also lend credence to the assertion by ARS that it voluntarily dismissed the NDIL Action and refiled in the Northern District of Oklahoma due to the time-sensitive nature of the dispute. The record does not support a finding that ARS filed the NDIL Action vexatiously.

The defendants cite *Esquivel v. Arau*, 913 F. Supp. 1382 (C.D. Cal. 1996). In that case, the court granted the defendants' Rule 41(d) motion where the plaintiff had voluntarily dismissed an earlier action in the Southern District of New York after the defendants moved to dismiss based on lack of personal jurisdiction and improper venue. *Id.* at 1385–88. As discussed by ARS, *Esquivel* is distinguishable for several reasons. Among other things, the *Esquivel* court found that the plaintiff's choice of the Southern District of New York as a forum was "questionable, to say the least," noting that "neither party is a citizen or resident of New York, the complaint made no allegations of acts taking place in New York giving rise to the claims, the various agreements at issue were all executed outside of New York, and none of the witnesses or documents are in New York." *Id.* at 1387. Here, in contrast, the complaint filed by ARS in the NDIL Action contains several allegations that suggest ARS had a good-faith basis to believe that venue and jurisdiction were proper in the Northern District of Illinois. These allegations include the following:

- ARS is an Illinois corporation with its principal place of business in Chicago, Illinois [Doc. 13-3, p. 5 ¶ 7];
- a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Illinois [*id.* at p. 6 ¶ 15];
- the defendants communicated with ARS personnel in Chicago [*id.*]; and

4

- the defendants received quotes and commissions from ARS in Chicago [*id.*].

Additionally, the agreements at issue contain Illinois choice-of-law provisions. [*Id.* at pp. 26 ¶ 9.3, 36 ¶ 10]. Notably, *Esquivel* also did not involve a pending motion for a temporary restraining order and the associated time sensitivity.

The court finds persuasive the decision in *CIVCO Med. Instruments Co. v. Protek Med. Prod., Inc.*, 231 F.R.D. 555 (S.D. Iowa 2005). In that case, the court denied the defendant's Rule 41(d) motion where the plaintiff had voluntarily dismissed a previous action in the District of Minnesota when faced with a motion to dismiss for lack of personal jurisdiction. *Id.* at 564. The court held that the circumstances did not warrant an award of costs, noting that the previous action "was pending for only two months," that the plaintiff reacted "reasonably quickly and efficiently," and that the plaintiff thereby "avoided unnecessary litigation" over personal jurisdiction. *Id.*; *see also McGlothlin v. Hennelly*, No. 9:18-CV-00246-DNC, 2018 WL 3548693, at *2 (D.S.C. July 24, 2018) (denying Rule 41(d) motion where plaintiff had voluntarily dismissed previous action and refiled in new district after defendant moved to dismiss for lack of personal jurisdiction). Similarly, here, ARS acted quickly and avoided a costly and time-consuming battle over jurisdiction and venue by voluntarily dismissing the NDIL Action and refiling in the Northern District of Oklahoma—the venue requested by the defendants in their motion to transfer. [Doc. 13-8, p. 2]. Accordingly, the court finds that the circumstances of this case do not warrant an award of costs under Rule 41(d).

WHEREFORE, the defendants' Rule 41(d) motion is denied.

IT IS SO ORDERED this 7th day of November, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE